# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Parsons Evergreene, LLC ) | ASBCA No. 58634 |
| ) | |
| Under Contract No. FA8903-04-D-8703 ) | |

APPEARANCES FOR THE APPELLANT:          Douglas S. Oles, Esq.
                                        James F. Nagle, Esq.
                                        Adam K. Lasky, Esq.
                                        Howard W. Roth III, Esq.
                                         Oles Morrison Rinker & Baker LLP
                                         Seattle, WA

APPEARANCES FOR THE GOVERNMENT:         Jeffrey P. Hildebrant, Esq.
                                         Air Force Deputy Chief Trial Attorney
                                        Michelle D. Coleman, Esq.
                                         Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE CLARKE
## ON THE GOVERNMENT'S MOTION TO PARTIALLY DISMISS
## FOR LACK OF JURISDICTION

The Air Force (AF) moves to dismiss Section V of Parsons Evergreene, LLC's (PE's) certified claim for lack of jurisdiction. As decided in our decision on the larger claim issued today, we have jurisdiction to consider this motion pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. We deny the motion.

## DISCUSSION

The AF identifies the issue presented in its motion as:

> Whether the Armed Services Board of Contract Appeals
> has jurisdiction to decide the modified total cost claim in
> section V of Parsons Evergreene, LLC's certified claim
> dated 29 June 2012 when section V of the claim lacked
> sufficient information and detail that would have allowed
> the CO to meaningfully consider the claim?

(Gov't mot. at 4) (Footnotes omitted) Claim Section V was previously Request for Equitable Adjustment (REA) No. 8 (*id.* at 8).

*Summary Chronology*

PE's REA No. 8 was submitted on 30 November 2011 (R4, tab 1540; gov't mot. at 5). The AF did not agree with the REA and PE filed a certified claim on 29 June 2012 (R4, tab 21; gov't mot. at 8). A final decision denying the claim was issued on 27 March 2013 (R4, tab 214; gov't mot. at 10). This appeal was docketed by the Board on 24 April 2013. A hearing was held from 2 to 27 March 2015. The final brief, PE's reply brief, was received by the Board on 25 May 2016. The AF's motion to partially dismiss for lack of jurisdiction was received by the Board on 28 December 2017. Therefore, the AF's motion was filed after the case was fully litigated and over five years from the AF's receipt of the claim.

*PE's Claim*

PE's 29 June 2012 detailed certified claim had 127 pages, 7 discrete sections, only Section V (previously REA No. 8) is the subject of the AF's motion. Section V, Government Management and Administration of the Design-Build Process during the Build Phase, claimed $28,157,994; it was identified by PE as a Modified Total Cost (MTC) claim. (R4, tab 21 at PDF 53, 56)

*The Technical Review*

Claim Section V was submitted to the AF Center for Engineering and the Environment (AFCEE) (R4, tab 213 at 337) for technical evaluation. AFCEE issued the results of its evaluation on 4 September 2012 (*id.* at 306). AFCEE reviewed the 22 "events" in Section V of the claim and recommended that AF "reject PE's unsupported claim of a 'Cardinal Change' doctrine"[1] (*id.* at 307). The AFCEE discusses each "event" in its 31-page report (*id.* at 306-37). The events were: Structural Change, Structural Brick (*id.* at 309); Design Deficiencies—Denial of Design Flexibility (*id.* at 311); Government Interference with Implementing Approved Design (*id.* at 312); Issuance of Improper Cure Notice (*id.*); Title II Representative Malfeasance (*id.* at 313); Base Entry Issues (*id.* at 314); Final Inspection Process (*id.*); Late Material Submittals Approvals (*id.* at 315); Standing Seam Metal Roof, Material Approvals (*id.* at 317); EIFS versus Stucco (*id.*); Manhole 35 Asbestos Extension (*id.* at 319); TLF Windows (*id.*); Delegation of Field Authority (*id.* at 321); Standing Seam Metal Roof, Oil Canning (*id.*); TLF Windows (Size) (*id.* at 323); Retention Pond (*id.* at 324); TLF Mechanical Room Noise and Vibration (*id.* at 327); Roof Steel and Walkway in VQ Roof (Catwalks) (*id.*); High Temperature Hot Water (*id.*); Switch to Tri-Arch Paint (*id.* at 328); Sewage in VQ Caused by CE Service Call (*id.* at 329); and Government Audit of Prevailing

---

[1] We have no idea why AFCEE and the Defense Contract Audit Agency (DCAA) focused on a "cardinal change."

2

Wages (*id.* at 330). The report included 27 attachments (*id.* at 334-35). The AFCEE report did not cite lack of detail and information on costs as a basis for its conclusions.

*DCAA Audit*

On 18 January 2013 DCAA issued its report of the results of its audit of PE's claim (R4, tab 213). DCAA, relying heavily on AFCEE's technical analysis, questioned the vast majority of PE's claimed costs (*id.* at 6).

*Final Decision*

Contracting officer (CO) Gregory Santiago issued his 142-page final decision on 27 March 2013 (R4, tab 214 at 1). The decision relating to Section V considered each of the elements of the claim (*id.* at 58-110). The CO denied Section V in its entirety stating, "PE has not established that it has met the prerequisites for use of the modified total cost method" (*id.* at 110).

*Statement of Costs & Balance of Construction Phase*

The parties prevailed upon the Board to decide both entitlement and quantum at the hearing in this appeal. When the Board is to decide quantum it typically issues an order on Proof of Costs which we did in this case. The order requires that appellant file a Statement of Costs (SOC) that provides an auditable accounting of claimed costs. PE submitted its 301-page SOC on 14 March 2014 (R4, tab 3001). The AF cites the additional detail in the SOC as evidence that the original claim was unsupported (gov't mot. at 16-18, 30). Likewise it relies upon Mr. Rosenfeld's, PE's accounting expert, refinement of Section V claim, referred to as the "Balance of Construction Phase" claim, into discrete claims as evidence that the claim was unsupported when initially submitted (gov't mot. at 19-25, 31-32). The SOC, however, was only required because both parties requested that the Board decide both entitlement and quantum.

## DECISION

*Prerequisites for a Valid CDA Claim*

The central issue of this motion is if PE gave "adequate notice" of the claim and amount at the time it was submitted, not what occurred much later during litigation. *Madison Lawrence, Inc.*, ASBCA No. 56551, 09-2 BCA ¶ 34,235 at 169,207 (That the amount of a claim might change as additional information is developed does not invalidate it as a qualifying CDA claim.).

3

By law, we do not possess jurisdiction to consider an appeal in the absence of a valid claim. And for a writing to be a valid claim, among other things, it must convey to the CO:

> "[A] clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). In our view, in order to be "adequate," the contractor's statement must be sufficient to enable the contracting officer to undertake a meaningful review of the claim....
>
> Whether a communication is a "claim" within the meaning of the CDA as interpreted above is a question of judgment, which must be exercised on a case by case basis as the particular facts present themselves.

*Holk Dev., Inc.*, ASBCA Nos. 40579, 40609, 90-3 BCA ¶ 23,086 at 115,938. As will be seen, in our judgment, based upon the facts presented here, we find that the CO was given sufficient information to engage in a "meaningful review" of the claim, which, in fact, the CO did.

The first problem the AF has is that CO Santiago apparently believed[2] he had adequate notice because he requested and received a detailed technical analysis by AFCEE (R4, tab 213 at 337), and issued a detailed 142-page final decision (R4, tab 214). The AF cryptically states that the fact the AF CO in this case issued a final decision on PE's claims is "inconsequential" (gov't mot. at 26). The AF relies on *Holk Dev.*, 90-3 BCA ¶ 23,086, where the Board dismissed Holk's appeal for lack of jurisdiction and stated:

> Finally, appellant argues that the Board has jurisdiction of these appeals "because the Contracting Officer did not timely notify Appellant that further information was needed...." (ASBCA No. 40609, Appellant's Opposition to Respondent's Motion to Dismiss at 10). Assuming that to be true, the contracting officer does not have the authority by his or her inaction to waive a jurisdictional requirement.

*Id.* at 115,939. *Holk* dealt with the requirement for a sum certain and the Board held that Holk provided "no explanation of how it arrived at" the stated sum (ASBCA

---

[2] There is no declaration from CO Santiago supporting the AF's motion.

4

No. 40579) and failed to identify "in any way" the claimed, over 400, changes in the scope of work. *Id.* at 115,938. This was not at all the factual circumstances presented here.

The AF also relies on *Madison Lawrence*, 09-2 BCA ¶ 34,235 at 169,206, for the proposition, "When a contractor's claim does not meet the CDA requirements for a claim, any final decision rendered therefrom is null and void" (gov't mot. at 26). We agree with this holding and emphasize that, in considering the CO's apparent satisfaction with PE's claim, we are not holding that the CO may waive this CDA requirement; rather, we consider it, in the context here, as evidence that the claim provided the CO "adequate notice" of the claim. Thus, the Board in *Madison Lawrence* also stated:

> Whether a communication from a contractor constitutes a CDA claim is determined on a case by case basis, and we employ a *common sense analysis*. The contractor must submit a clear and unequivocal statement that gives the CO adequate notice of the basis and amount of the claim....
>
> ....
>
> ...[A contractor] can supply "adequate notice" of the amount of the claim without accounting for each cost component.

*Id.* at 169,206-07 (citations omitted, emphasis added). This quote also evidences the "common sense analysis" exercised when evaluating if a claim gives "adequate notice." In *Madison Lawrence* the challenge to the adequacy of the claim was immediate. The chronology in *Madison Lawrence* is a bit complicated but on 21 April 2008 Madison Lawrence submitted an REA and on 20 May 2008 the CO issued a final decision denying the "claim." Madison Lawrence sent a 10 June 2008 letter to the CO stating the REA was not a claim, but to preserve its appeal rights, it appealed the CO's decision on 24 June 2008. On 8 August 2008 the government moved to dismiss the appeal for lack of jurisdiction arguing that the REA was not a claim and the CO's final decision was a nullity. *Id.* at 169,203, 169,205. The Board denied the government's motion stating:

> Appellant's claim was in the sum certain amount of $196,982.62, plus estimated additional costs of $18,088.24 per month, starting in March 2008 and continuing through the end of contract performance—an additional amount readily subject to calculation. The CO *so understood* the

> claim, reflecting that he had adequate notice of the claim
> amount.

*Id.* at 169,207 (emphasis added). It is significant that the Board gave weight to the CO's "understanding" inferred from the fact that the CO issued a final decision. We do the same in this decision.

*Other Cases Relied Upon by the AF*

We agree with many of the legal propositions stated in the AF's motion. We agree that the motion is timely because the issue of jurisdiction may be raised at any point in the proceedings (gov't mot. at 25). We agree that PE bears the burden of proving jurisdiction (*id.* at 23-26).

The AF relies upon the following six cases in support of its motion:

- *J.L. Ewell Construction Co.*, ASBCA No. 37746 *et al.*, 90-1 BCA ¶ 22,485
- (gov't mot. at 28, 30, 32-33).
- *Anchor Fabricators, Inc.*, ASBCA No. 40893, 91-3 BCA ¶ 24,231 (*id.* at 32).
- *Bio-Temp Scientific, Inc.*, ASBCA No. 41388, 91-1 BCA ¶ 23,548 (*id.*).
- *Holk Dev., Inc.*, 90-3 BCA ¶ 23,086 (*id.* at 26, 32, 34).
- *Gauntt Constr. Co.*, ASBCA No. 33323, 87-3 BCA ¶ 20,221 (*id.* at 32-33).
- *Leonard Pevar Co.*, ASBCA Nos. 27247, 27392, 84-3 BCA ¶ 17,591 (*id.* at 32).

In its motion the AF fairly characterized these decisions except for one glaring omission. In each of these cases the criticism of the adequacy of the claim was essentially immediate. In *Ewell* the claim was dated 20 May 1988 and the CO's letter citing insufficient detail was dated 27 September 1988. *Ewell*, 90-1 BCA ¶ 22,485 at 112,852. In *Anchor* the claim was submitted on 26 October 1989 and certified on 6 November 1989. The government's response citing insufficient detail was dated 7 November 1989. *Anchor*, 91-3 BCA ¶ 24,231 at 121,187. In *Bio-Temp* the "claim" was submitted by letter on 7 May 1990. The contract was terminated for default on 11 May 1990. The Board found that the 7 May 1990 claim letter failed to present "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Bio-Temp*, 91-1 BCA ¶ 23,548 at 118,085-86. In *Holk* the claim was submitted on 17 October 1989. The CO denied the claim on 20 December 1989 stating it was not accompanied by any substantiation. *Holk*, 90-3 BCA ¶ 23,086 at 115,937. In *Gauntt* the claim letter was received by the government on 24 March 1986. On 26 June 1986 the claims manager informed Gauntt that the letter did not contain specific information concerning the basis of the claim. *Gauntt*, 87-3 BCA ¶ 20,221 at 102,409-10. In *Leonard Pevar* a letter dated 17 May 1982 discussed various claims including delay damages. The Corps of Engineers district counsel responded on 27 May 1982 stating that the claim for delay damages should be

6

sent to the area engineer along with supporting documentation so that the claim could be evaluated. *Leonard Pevar*, 84-3 BCA ¶ 17,591 at 87,646-47.

The AF cites not one case that involves a situation similar to ours where the CO receives claims, obtains detailed technical review, DCAA audit, and issues a detailed final decision that is challenged for lack of claim substantiation five years later after the case was fully litigated. The AF's motion in this appeal is a challenge to a jurisdictional requirement, adequate notice, that involves the exercise of discretion. The AF's motion contains no testimony supporting the contention that PE's claim failed to provide adequate notice. The CO obtained a technical review of the claim and DCAA audit. To the extent that the CO had questions about PE's substantiation he was apparently satisfied enough to issue a detailed lengthy final decision. The AF's motion asks the Board, at this late date, to second-guess the CO, i.e., find that he should not have issued his decision. The AF incorrectly focuses on what happened during the litigation when it should have focused on what lead up to the final decision. Just as in *Madison Lawrence* we rely on the fact the CO issued a final decision evidencing his understanding that he had adequate notice, presumably with legal concurrence, and we decline to override that decision. We reach our conclusion by exercising our discretion and applying common sense to the facts of this case.

## CONCLUSION

For the reasons stated above, the AF's motion is denied.

Dated: September 5, 2018

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58634, Appeal of Parsons Evergreene, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8